STANLEY N. KAPLAN, HARRIET A. KAPLAN, SARAH M. TORRENCE, TRUSTEES OF THE LIQUIDATING TRUST AGREEMENT OF SIS RADIO, INC., PLAINTIFFS v. FIRST UNION NATIONAL BANK OF NORTH CAROLINA, DEFENDANT AND THIRD-PARTY PLAINTIFFS v. STANLEY N. KAPLAN AND HARRIET A. KAPLAN, INDIVIDUALLY, THIRD-PARTY DEFENDANTS

No. 8926SC1037

(Filed 17 July 1990)

**Banks and Other Financial Institutions § 52 (NCI4th); Trusts § 7 (NCI3d) — investment agency agreement — allegedly negligent investment — no duty to ascertain if investment authorized by trust agreement**

In an action to recover losses sustained from an allegedly negligent investment of funds deposited by plaintiff trustees

of a liquidating trust in defendant bank pursuant to an investment agency agreement, the trial court properly entered summary judgment for defendant bank where defendant had no duty to ascertain whether the bond investments it made were authorized by the liquidating trust agreement; the evidence was uncontradicted that plaintiff trustees did not inform defendant of any limitations on investments until some time after the investments in question had been made; and under N.C.G.S. § 32-20(a) defendant had no duty to inquire about plaintiff trustees' authority.

**Am Jur 2d, Banks §§ 291, 520.**

APPEAL by plaintiffs from judgment entered 31 May 1989 by *Judge Robert W. Kirby* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 5 April 1990.

This action stems from an allegedly negligent investment. Plaintiffs are trustees of the SIS Radio, Inc. Liquidating Trust (liquidating trust). Plaintiffs deposited monies from the liquidating trust into First Union National Bank of North Carolina (FUNB) pursuant to an investment agency agreement. Plaintiffs allege that FUNB, contrary to the wishes of the trustees and the terms of the Liquidating Trust Agreement of SIS Radio, Inc. (liquidating trust agreement), invested in two to five year treasury bonds and that the bonds were redeemed at a substantial loss to the trust. Plaintiffs allege that the investment in these bonds was not at their direction and was contrary to the authority given FUNB. FUNB denied that its investments were negligently made. FUNB also filed a third party action against Stanley N. Kaplan and Harriet A. Kaplan (the Kaplans) in their individual capacities, alleging that FUNB had no knowledge of any restrictions in the liquidating trust agreement and that FUNB's actions were in full compliance with the investment agency agreement. Additionally, FUNB alleged that the Kaplans acquiesced in the investment and therefore should be personally liable for any loss suffered. The trial court granted summary judgment in favor of FUNB on plaintiff trustees' action and plaintiffs appeal.

*Manning, Fulton & Skinner, by Howard E. Manning and Charles E. Nichols, Jr., for plaintiff-appellants Stanley N. Kaplan and Harriet A. Kaplan.*

*Robinson, Bradshaw & Hinson, by Robin L. Hinson, A. Ward McKeithen and Allain C. Andry IV, for defendant-appellee.*

**KAPLAN v. FIRST UNION NATIONAL BANK**

[99 N.C. App. 570 (1990)]

EAGLES, Judge.

We note that only plaintiffs Stanley N. Kaplan and Harriet A. Kaplan have filed an appellate brief in this matter; no brief has been filed on behalf of plaintiff Sarah M. Torrence. Accordingly, Torrence's appeal is dismissed. App. R. 14(d)(2). Therefore, any reference to "plaintiffs" in this opinion refers only to Stanley N. Kaplan and Harriet A. Kaplan.

The sole issue on appeal is whether the trial court erred in granting summary judgment in favor of defendant, dismissing plaintiffs' claims. Plaintiffs argue that whether FUNB exercised due care in making certain investments is a disputed question of fact. Plaintiffs assert that there is an issue of fact regarding the date on which FUNB obtained a copy of the liquidating trust agreement. Additionally, plaintiffs assert that FUNB had a duty to ascertain which investments were authorized by the liquidating trust agreement and that FUNB's failure to determine which investments were authorized by the liquidating trust agreement, prior to purchasing the bonds, was a breach of its fiduciary duty. We disagree with plaintiffs' argument that FUNB had a duty to ascertain whether the bond investments were authorized by the liquidating trust agreement. We also note that the evidence is uncontradicted that plaintiffs did not inform FUNB of any limitations on investments until some time after the investments in question had been made. Accordingly, we affirm the entry of summary judgment in favor of FUNB.

Summary judgment is proper when there is "no genuine issue as to any material fact. . . ." G.S. 1A-1, Rule 56(c). Additionally, the court must find that on the undisputed facts the party given summary judgment is entitled to judgment as a matter of law. Our courts have repeatedly stated that summary judgment is rarely proper in negligence cases because "it ordinarily remains the province of the jury to apply the reasonable person standard." *Moore v. Crumpton*, 306 N.C. 618, 624, 295 S.E.2d 436, 441 (1982). With these tenets in mind we hold that summary judgment was appropriate here.

Plaintiffs assert that there is an issue of fact whether FUNB's choice of investments, which were allegedly made contrary to the terms of the liquidating trust agreement, constituted negligence. Plaintiffs argue that FUNB possessed a copy of the liquidating trust agreement, that FUNB should have determined if the liq-

uidating trust agreement contained restrictions on investments and that FUNB was negligent in investing in two to five year bonds for an account that was to be liquidated within one year.

Plaintiffs have failed to raise a genuine issue regarding FUNB's actual knowledge of the terms of the liquidating trust agreement. Plaintiffs admitted in their depositions that they did not provide FUNB with a copy of the agreement until some time in May of 1987, five months after the original investments had been made and four months after plaintiffs learned of the investments in treasury bonds. Plaintiffs also argue that an inference of FUNB's actual knowledge of the contents of the liquidating trust agreement at the time of the investment arises from the fact that an unsigned copy of the agreement was found in FUNB's file at some time in May. Plaintiffs' argument is without merit.

Plaintiffs also argue that FUNB had constructive notice of the contents and restrictions found in the agreement. "[I]mplicit in the principles that underlie the doctrine of constructive notice is the concept that before one is affected with notice of whatever reasonable inquiry would disclose, the circumstances must be such as to impose on the person sought to be charged a duty to make inquiry." *Perkins v. Langdon*, 237 N.C. 159, 168, 74 S.E.2d 634, 642 (1953). Plaintiffs argue that FUNB had a duty to inquire about the trustees' authority. We disagree.

> At common law a person who deals with another whom he knows to be a trustee is put upon inquiry as to the extent of the trustee's powers and charged with knowledge of the facts which a reasonable investigation would disclose. . . . The third party must examine the trust instrument and look to other sources of information in order to satisfy himself that the trustee has authority to enter into the transaction which he is seeking to consummate.

Bogert, *Trusts and Trustees*, § 565, pp. 273-74 (revised 2d ed. 1980). On the facts of this case the common law rule of inquiry has been superseded by statute. G.S. 32-20(a) provides, in pertinent part, that:

> No person who participates in the acquisition . . . of a security by . . . a fiduciary . . . is liable for participation in any breach of fiduciary duty by reason of failure to inquire whether the transaction involves such a breach unless it is shown that he acted with actual knowledge that the proceeds of the trans-

action were being or were to be used wrongfully for the individual benefit of the fiduciary or that the transaction was otherwise in breach of duty.

As stated previously, plaintiffs have made no forecast of evidence that FUNB had actual knowledge that the investments made were in breach of the trustees' (plaintiffs') duties.

For the reasons stated, the judgment is affirmed.

Affirmed.

Judges WELLS and GREENE concur.